UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SETSEA SPA,

                Plaintiff,

- against -

SOURCE LINK SHIPPING CO. LTD.,

                Defendant.
-------------------------------------------------------------------X

07 CV _____
ECF CASE

### VERIFIED COMPLAINT

Plaintiff, SETSEA SPA (hereinafter referred to as "Setsea" or "Plaintiff") by and through its attorneys, Tisdale Law Offices LLC, as and for their Verified Complaint against the Defendant, SOURCE LINK SHIPPING CO. LTD. (hereinafter referred to as "Source Link" or "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under foreign law with a principle place of business in Torre del Greco, Naples, Italy.

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law with places of business in the British Virgin Islands and China.

4. Pursuant to two Forward Freight "Swap" Agreements respectively dated December 13, 2006 and January 22, 2007 (hereinafter referred to as the "Agreements") Source Link agreed to buy and sell Freight Futures with Setsea.

5.      During the course of the Agreements, a dispute arose between the parties regarding Defendant's failure to pay the losses sustained by it in breach of the Agreements.

6.      As a result of Defendant's breach of the Agreements, Plaintiff has sustained damages in the total principal amount of $1,602,691.50, exclusive of interest, arbitration costs and attorneys fees.

7.      Pursuant to clause 16 of both Agreements, all disputes arising thereunder are to be construed in accordance with English law and subject to the non-exclusive jurisdiction of the High Court of Justice in London, England, and Plaintiff will soon commence court proceedings pursuant to the Agreements.

8.      Despite due demand, Defendant has failed to pay the amounts due and owing under the Agreements.

9.      Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $1,602,691.50 |
| B. | Estimated interest on claim:<br>3 years at 6.5% | $333,613.15 |
| C. | Estimated Attorneys' Fees and Expenses: | $200,000.00 |
| **Total** | | **$2,136,304.65** |

10.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro, American Express

Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

11. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including, but not limited to, ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank, and/or Wachovia Bank N.A., which are due and owing to the Defendant, in the amount of **$2,136,304.65** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That this Court recognize and confirm any arbitration awards or judgments rendered on the claims had herein as Judgments of this Court;

D.   That this Court retain jurisdiction over this matter through the entry of any judgments or awards associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.   That the Plaintiffs have such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
       May 29, 2007

> The Plaintiff,
> SETSEA SPA,
>
> By: _____
> Lauren C. Davies (LD 1980)
> Thomas L. Tisdale (TT 5263)
> TISDALE LAW OFFICES LLC
> 11 West 42nd Street, Suite 900
> New York, NY 10036
> (212) 354-0025 – phone
> (212) 869-0067 – fax
> ldavies@tisdale-law.com
> ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                     )   ss.:   Town of Southport
County of Fairfield  )

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney with the firm of Tisdale Law Offices LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         May 29, 2007

                                        _____
                                        Thomas L. Tisdale